IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DANIEL WAYNE FOX,
    Plaintiff,

vs.                                      Case No. 3:11cv234/RV/CJK

DEB ROBARDS, et al.,
    Defendants.

## **REPORT AND RECOMMENDATION**

    Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983.  (Doc. 4).  The Court has reviewed the complaint and concludes that this case should be dismissed because plaintiff's claims for injunctive relief are moot and plaintiff's damages claims are  barred by statute.

BACKGROUND AND PROCEDURAL HISTORY

    Plaintiff is an inmate of the Florida Department of Corrections currently confined at Santa Rosa Correctional Institution.  (Doc. 20).  Plaintiff was confined at the Escambia County Jail ("Jail") at the time he initiated this action.  (Doc. 1). Plaintiff's amended complaint names three defendants:  the Escambia County Jail Medical Department and two nurses at the Jail – Deb Robards and Rebecca Kenny. (Doc. 4, pp. 1, 2).  Plaintiff claims the defendants subjected him to cruel and unusual punishment when they denied him his "V.A. meds" for two months while they

obtained plaintiff's medical records from the Veterans' Administration. Plaintiff does not identify his medications, but describes his medical conditions as cirrhosis of the liver, degenerative disc disease, emphysema, bi-polar, fibromyalgia and sebhorraic dermatitis (*Id.*, pp. 5-7). Plaintiff claims the defendants' conduct caused him to "spen[d] unnecessary amount of time trying to stay alert & coherrent [sic] and a lot of time being turned down." (*Id.*, p. 7). As relief, plaintiff seeks injunctive relief – that defendants Robards and Kenny be fired and plaintiff's "meds restored & left that way while I'm here." (*Id.*, p. 7). Plaintiff also seeks $1,000,000.00 damages for "x-treme pain & suffering." (*Id.*).

## DISCUSSION

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the Court to dismiss this case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The Court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to

describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle).

Taking the allegations of plaintiff's amended complaint as true and construing them in the light most favorable to plaintiff, it is apparent that plaintiff's claims for injunctive relief are moot. *See, e.g., Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (inmate's release from prison mooted claim for declaratory and injunctive relief against head of prison); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (an inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate has been transferred); *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984) (transfer from county jail to state prison mooted claims for injunctive and declaratory relief against county jailers).

It is also apparent from the face of the complaint that plaintiff's damages claims are barred by 42 U.S.C. § 1997e(e). The Prison Litigation Reform Act ("PLRA") provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "[T]he phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002). This action, brought by plaintiff under 42 U.S.C. § 1983, is a "Federal civil action" under this

definition. Plaintiff was an inmate of the Escambia County Jail at the time he filed this action. (Doc. 1). The harm of which plaintiff complains occurred while plaintiff was in custody. (Doc. 4). Plaintiff's damages claims, which cannot be liberally construed as requesting nominal damages, are based on the mental injury plaintiff suffered as a result of defendants' conduct. The complaint identifies no physical injury arising from defendants' conduct, much less injury that is more than *de minimis*. *See Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("*Harris I*") (concluding that in order to satisfy § 1997e(e) "the physical injury must be more than *de minimis*, but need not be significant."), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in relevant part*, 216 F.3d 970 (11th Cir. 2000) ("*Harris II*"). As plaintiff's damages claims are barred as a matter of law, this suit should be dismissed. *Harris I*, 190 F.3d at 1287-88 (affirming district court's dismissal of claims for compensatory and punitive damages as barred by § 1997e(e)), *reinstated on reh'g*, *Harris II*, 216 F.3d at 972; *see also Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011) (holding that "the overall tenor of *Harris* and its progeny, when taken together, unmistakably supports" the conclusion that § 1997e(e) applies to constitutional claims and precludes the recovery of compensatory and punitive damages in the absence of the requisite physical injury).

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2. That the Clerk be directed to close the file.

At Pensacola, Florida this 14th day of May, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).